**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT**

| | |
|---|---|
| BRENDA S. HOBSON, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. AW-06-3195 |
| HAIR CUTTERY C/O RATNER COS., LC, | * |
| Defendant. | * |

\* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Brenda S. Hobson ("Plaintiff" or "Hobson") brings this employment discrimination action against Defendant Hair Cuttery c/o Ratner Companies, LC ("Defendant" or "Hair Cuttery"). Currently pending before the Court are Defendant's Motion to Dismiss [7], Plaintiff's Motion for Leave to File Amended Complaint [14], Defendant's Motion to Dismiss Amended Complaint [16], and Plaintiff's Motion for Leave to File Second Amended Complaint [22]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, the Court will DENY-AS-MOOT Defendant's Motion to Dismiss [7], Plaintiff's Motion for Leave to File Amended Complaint [14], and Defendant's Motion to Dismiss Plaintiff's Amended Complaint [16], and GRANT Plaintiff's Motion for Leave to File Second Amended Complaint [22].

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who identifies herself as Black and originating from the Virgin Islands, started employment with Defendant in 2003. Plaintiff claims that during the course of her employment, her co-workers subjected her to harassing comments and conduct on a regular basis. On March 15,

2005, Plaintiff became involved in an altercation with a co-employee. On March 22, 2005, Plaintiff was terminated for the incident and her request to be reassigned to another salon was denied. Plaintiff claims that she mailed a questionnaire response to the Equal Employment Opportunity Commission ("EEOC") on May 18, 2005. Plaintiff further contends that she had a telephone interview with an EEOC intake investigator on May 19, 2005.

On August, 17, 2006, Plaintiff filed a charge of employment discrimination with the EEOC. Subsequently, on August 31, 2006, the EEOC dismissed the charge and on November 27, 2006, Plaintiff, acting *pro se*, filed a two-count Complaint alleging racial and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). On January 11, 2007, Defendant filed a motion to dismiss. On January 29, 2007, Plaintiff, still acting *pro se*, filed a motion for leave to file an amended complaint. On February, 2, 2007, Defendant filed a motion to dismiss amended complaint. On May 25, 2007 Plaintiff, who is now represented by counsel, filed a motion to leave to file a second amended complaint. The motions are ripe and the Court now issues this opinion.

**DISCUSSION**

Under Rule 15(a) of the Federal Rules of Civil Procedure, once a responsive pleading has been served, "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to grant leave to amend falls within the "sound discretion" of the trial Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, the "federal rules strongly favor granting leave to amend." *Medigen of Ky., Inc. v. Pub. Serv. Comm'n*, 985 F.2d 164, 167-68 (4th Cir. 1993). A motion to amend the pleading under Rule 15(a) "should be denied *only when* the amendment

2

would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Here, there is no indication from the record, nor has Defendant presented any evidence, that Plaintiff's motions were made in bad faith as part of an effort to imped the course of litigation, or that the amendments would be futile. Furthermore, the Court does not find that the amendments would be prejudicial to the opposing party. Therefore, here, where Plaintiff was initially acting *pro se*, but is now represented by counsel, the Court finds that Plaintiff's requests for leave, to file her amended complaint as well as her second amended complaint, are reasonable.

## CONCLUSION

For all of the aforementioned reasons, the Court will DENY-AS-MOOT Defendant's Motion to Dismiss [7], Plaintiff's Motion for Leave to File Amended Complaint [14], and Defendant's Motion to Dismiss Plaintiff's Amended Complaint [16], and GRANT Plaintiff's Motion for Leave to File Second Amended Complaint [22]. An Order consistent with this Memorandum Opinion will follow.

Date:  June 7, 2007                                    /s/
                                             Alexander Williams, Jr.
                                             United States District Court Judge