**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT**

| | | |
|---|---|---|
| BRENDA S. HOBSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-06-3195 |
| HAIR CUTTERY C/O RATNER COS., LC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Currently pending before the Court are a Motion to Dismiss Second Amended Complaint [29], filed by Defendant Hair Cuttery c/o Ratner Companies, LC ("Defendant" or "Hair Cuttery") and a Motion for Leave of Court to File Third Amended Complaint [30], filed by Plaintiff Brenda S. Hobson ("Plaintiff" or "Hobson"). The Court has reviewed the entire record, as well as the pleadings with respect to the instant motions. On August 24, 2007, the Court held a telephonic hearing concerning the motions and heard from all the parties. Having considered the arguments of Plaintiff and Defendant, and for the reasons articulated at the hearing and briefly discussed below, the Court will GRANT Plaintiff's motion for leave and DENY-AS-MOOT Defendant's motion to dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who identifies herself as Black and originating from the Virgin Islands, started employment with Defendant in 2003. Plaintiff claims that during the course of her employment, her co-workers subjected her to harassing comments and conduct on a regular basis. On March 15, 2005, Plaintiff became involved in an altercation with a co-employee. On March 22, 2005, Plaintiff

was terminated for the incident and her request to be reassigned to another salon was denied. Plaintiff claims that she mailed an in-take questionnaire ("Questionnaire") response to the Equal Employment Opportunity Commission ("EEOC") on May 18, 2005.[1] Plaintiff further contends that she had a telephone interview with an EEOC intake investigator on May 19, 2005.[2]

On August, 17, 2006, Plaintiff filed a charge of employment discrimination with the EEOC. Subsequently, on August 31, 2006,[3] the EEOC dismissed the charge and on November 27, 2006, Plaintiff, acting *pro se*, filed a two-count Complaint alleging racial and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). On January 11, 2007, Defendant filed a motion to dismiss. On January 29, 2007, Plaintiff, still acting *pro se*, filed a motion for leave to file an amended complaint. On February, 2, 2007, Defendant filed a motion to dismiss Plaintiff's amended complaint. On May 25, 2007 Plaintiff, who at this time retained counsel, filed a motion to leave to file a second amended complaint. On June 7, 2007 the Court issued a memorandum opinion and order granting Plaintiff's motion for leave to file her second amended complaint and denying-as-moot Defendant's motion to dismiss, Plaintiff's motion for leave to file amended complaint, and defendant's motion to dismiss Plaintiff's amended complaint. Subsequently, on June 27, 2007, Defendant filed a motion to dismiss the second amended complaint. On July 12, 2007, Plaintiff filed a motion to leave to file a third amended complaint. The motions are ripe and the Court now issues this opinion.

---

[1] Defendant claims that Plaintiff filed the Questionnaire on June 1, 2005.

[2] The "EEOC Appointment - Telephone" form (Pl's Ex. #2) shows a date of "5/19/05" that is crossed out and "6-2" is written in above the lined out "5/19/05" perhaps to indicate a new date of June 2, 2005 rather than the May 19, 2005.

[3] Defendant claims that it did not receive notice of Plaintiff's charge from the EEOC until August 30, 2006.

2

**DISCUSSION**

In order to bring a Title VII suit, a plaintiff must file a verified complaint with the EEOC that "shall be in writing under oath and affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. 2000e-5(b) (2000). Moreover, in the Fourth Circuit, "failure to comply with this statute is fatal to an action seeking relief under Title VII." *Balazas v. Liebenthal*, 32 F.3d 151, 156 (4th Cir. 1994) (citing *EEOC Appalachian Power*, 568 F.2d 354, 355 (4th Cir. 1978). Plaintiff bears the burden to substantiate her claim of jurisdiction by establishing that she actually filed a verified complaint. Consequently, Plaintiff has submitted her Questionnaire, dated May 18, 2005, as her verified complaint.

Here, the critical issue is whether Hobson's Questionnaire constitutes a verified complaint. The Fourth Circuit has not precisely addressed the issue. It has, however, twice accepted as a filed charge a letter or affidavit not submitted on an official agency form.[4] For the reasons articulated at the telephonic motions hearing, the Court believes that Plaintiff sufficiently meets the standards under 29 CFR § 1601.12(b).[5] Accordingly, the Court finds that by filing the Questionnaire, which

---

[4] In *Waiters v. Robert Bosch Corp*, 683 F.2d 89, 91 (th Cir. 1982), the plaintiff executed a detailed, five-page affidavit that he then forwarded to the EEOC. Because the affidavit clearly satisfied the regulatory definition of a charge, the Fourth Circuit held that it satisfied the 300 day timely filing requirement. *Id.*. In *Edelman v. Lynchburg College*, 300 F.3d 400, 404 (4th Cir. 2002), the Court, relying in part on *Waiters*, held that a timely and substantively sufficient, but unsworn, letter may constitute a charge if later supplemented with a sworn charge.

[5] **Section 706(b)** provides that charges of discrimination "shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." To implement this provision, EEOC has promulgated regulations which state that the following information should be included in a charge:
> (1) the full name, address and telephone number of the charging party;
> (2) the full name and address of the party being charged;
> (3) a statement of facts, including pertinent dates;
> (4) the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and
> (5) a statement as to whether proceedings have been instituted with a state or local agency, and the date such proceedings were initiated.
> **29 C.F.R. § 1601.12(a) (1979)**.

However, notwithstanding the foregoing provisions, the regulations provide further:

3

meets the minimal requirements under 29 C.F.R. § 1601.12(a), Section 706 (b), Hobson intended to lodge a formal charge of discrimination. Specifically, in her Questionnaire, Hobson (1) identifies herself including her full name address and telephone number; (2) identifies her employer, Hair Cuttery, including it's address; (3) provides a statement of facts, in addition to the alleged March 15, 2005 "date of harm"; (4) lists the approximate number of employees as 10,000; and (5) indicates that she filed a charge with the unemployment agency in March 2004. Furthermore, Plaintiff's satisfaction of the statute, coupled with the in-take questionnaire's confusing language that could easily be construed as a charge,[6] the Court finds that Hobson manifested her intent to activate the administrative process by filing her Questionnaire with the EEOC. Accordingly, Hobson's Questionnaire satisfies the charge requirement of the Title VII's statute of limitations.

Because the Court will GRANT Plaintiff's motion for leave to file her third amended complaint, and because the Court further believes that Plaintiff's proposed third amended complaint cures whatever defect Plaintiff's second amended complaint lacked in establishing subject matter jurisdiction of this Court, the Court will DENY-AS-MOOT Defendant's motion to dismiss.

## CONCLUSION

For all of the reasons articulated at the telephonic motions hearing and briefly discussed here,

---

"a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein."
**29 C.F.R. s 1601.12(b) (1979)**.

[6] "Incomplete responses will *delay further processing of your charge* by EEOC." *Questionnaire* at 1; "If you checked "retaliation" have you ever *previously filed a charge* with EEOC ..." *Id.*; "I declare under penalty of perjury that I have read the above statements and that they re true and correct," *Id.* at 4 (the Court believes this could easily be construed as some sort of affirmation or verification statement); "I want to file a *charge*" *Id.* at 6; "I want to speak with an EEOC representative before this is filed as a *charge*" *Id.*; and "I have filed a *charge* with the agency/agencies named below concerning these same matters" *Id.*

the Court will GRANT Plaintiff's Motion for Leave to File Third Amended Complaint [30] and DENY-AS-MOOT Defendant's Motion to Dismiss Second Amended Complaint [29]. Furthermore, Defendant is DIRECTED to file an Answer or otherwise response to Plaintiff's Third Amended Complaint within ten (10) days from the entry of this Memorandum Opinion. In the meantime, the Court will issue a Scheduling Order. An Order consistent with this Memorandum Opinion will follow.

Date:  August 31, 2007                               /s/
                                      Alexander Williams, Jr.
                                      United States District Court Judge